20663

STATE of South Carolina ex rel. Daniel R. McLEOD, as Attorney General, Appellant, v. R. Kirk McLEOD, Individually and as Solicitor, Emma T. McClure, Individually and as Secretary to Solicitor McLeod, and as a Representative of all others similarly situated, Grady L. Patterson, Jr., as State Treasurer and Earle E. Morris, Jr., as Comptroller General, Respondents.

(243 S. E. (2d) 446)

*Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. C. Tolbert Goolsby, Jr.,* and *Asst. Atty. Gen. Treva G. Ashworth,* Columbia, *for appellant.*

*Asst. Solicitor Wade S. Kolb, Jr.,* Sumter and *Asst. Atty. Gen. Paul S. League,* Columbia, *for respondents.*

April 13, 1978.

*Per Curiam:*

This declaratory judgment action was brought by the Attorney General under Section 15-53-10 *et seq.,* 1976 Code of Laws of South Carolina, to determine the validity of Act No. 246 of the 1977 Acts of the General Assembly. The issue is whether Act No. 246 provides extra compensation to the circuit solicitors and their secretaries in violation of Article III Section 30, Constitution of the State of South Carolina (1895). The lower court found the Act was valid. We hold the Act grants extra compensation after services rendered and reverse.

Act No. 690 of the 1976 Acts of the General Assembly, the Judicial Reform Act, provided that as of January 1,

1977, the circuit solicitors would become full-time state employees and each would have a full-time secretary.

The 1976-77 General Appropriations Act only provided part-time salaries for the solicitors, and provided no salaries for the secretaries.

A supplemental appropriation, Act No. 246 of 1977, was enacted by Joint Resolution and signed into law by the Governor on February 15, 1977, and states in part:

Section 1. . . .

The supplemental appropriations contained herein shall be allocated effective January 1, 1977, through June 30, 1977, for the salaries for full-time solicitors as provided in Act 690 of 1975 . . . full-time secretaries . . . and expenses . . .

Section 2. This act shall take effect upon approval by the Governor.

The Attorney General contends that because Act No. 246 provides for the payment of compensation to the solicitors and their secretaries for services rendered before February 15, 1977, the effective date of Act No. 246, the Act violates the following portion of Article III Section 30 of the State Constitution:

The General Assembly shall never grant extra compensation, fee or allowance to any public officer, agent, servant or contractor after service rendered, or contract made, . . .

"Extra compensation" within the meaning of a constitutional prohibition such as Article III Section 30 is generally defined as any compensation over and above that fixed by law or contract at the time the service was rendered. Black's Law Dictionary 697 (4th ed. rev. 1968); 67 C. J. S. *Officers* § 96 (1950); 15A Words and Phrases (1950).

From January 1, 1977, to February 15, 1977, the solicitors were paid a part-time salary by the State. No State

funds were appropriated during this time for the solicitors' secretaries.[1]

Act No. 246 was enacted on February 15, 1977 to fund these positions at the rates specified in Act No. 690 of 1976 for the remainder of the 1976-77 fiscal year. Act No. 246 directs, however, that the funds be allocated retroactively from January 1, 1977. While the General Assembly ordinarily has the authority to direct that an act operate retroactively, in the case of acts providing compensation for public officers and employees, that authority is limited by Article III Section 30 of the Constitution.

To the extent that Act No. 246 allocates funds from January 1, 1977 to February 15, 1977, to pay the salaries of the solicitors and their secretaries, the Act provides compensation to public officers and employees for past services over and above the compensation set by law for those services at the time they were rendered. This violates Article III Section 30.

Accordingly, we hold that so much of Act No. 246 is unconstitutional as provides supplemental appropriations to the solicitors and their secretaries from January 1, 1977 to February 15, 1977.

Reversed.

---

[1] The Court was informed during oral argument that each secretary who was employed from January 1, 1977, to February 15, 1977, has been compensated from sources other than Act No. 246.